IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:18-CR-186-D |
| VS. | § |
| | § |
| BRANDON JAMAAL RAMBO, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Brandon Jamaal Rambo ("Rambo") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

On April 27, 2020 Rambo filed a motion for immediate home confinement pursuant to the CARES Act/compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the court denied on May 15, 2020. On May 26, 2020 Rambo filed a second request for reduction in sentence and/or immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which the court also denied. Rambo then sent a letter to the court, which the clerk of court docketed on July 22, 2020, again requesting a reduction in sentence and/or immediate release pursuant to compassionate release (18 U.S.C. § 3582(c)(1)(A)). The court treated the July 22, 2020 letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and denied the motion on July 27, 2020. On November 6, 2020 Rambo filed a notice of appeal from the July 27, 2020 order, which the Fifth Circuit later dismissed as untimely. On January 4, 2021

Rambo filed an emergency motion for CARES Act and/or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to COVID-19, which the court denied on January 13, 2021.

On February 2, 2022 Rambo filed what is essentially his fifth motion under 18 U.S.C. § 3582(c)(1)(A), although his time he requests compassionate release so that he may help care for his blind, elderly mother. For the reasons that follow, the court denies Rambo's latest motion.[1]

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court

---

[1]Although there is certainly no limit on the number of compassionate release motions that a prisoner can file, there comes a point at which the court's resources must be devoted to other cases. While the court will continue to give careful consideration to any future motions that Rambo files, it may (assuming it denies such a motion) do so in a more abbreviated order that is shorn of what is not essential to a fair explanation of its findings and reasoning.

[2]Rambo states in his motion that he "has exhausted his case." D. Mot. 3. He also attaches as an exhibit to his reply brief a document dated September 15, 2021 in which he requests, from "Mrs Love, Unit Manager," "early release to home confinement to take care

must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

III

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.

A

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (brackets, internal quotation marks, and citation omitted). Before Congress enacted the First Step Act, the Sentencing Commission promulgated a policy statement—U.S.S.G. § 1B1.13—that describes, in the comments, four "extraordinary and compelling reasons" that could warrant a reduced sentence, including the following "Family Circumstances": "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children[, or] (ii) The incapacitation of the defendant's spouse or registered

---

of [his] mother," and which states, under the heading "Disposition," "[y]ou were given a verbal response to this request." D. Reply 3. Because the court is denying Rambo's motion on the merits, it will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(C). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by the Director of the BOP and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393. To be clear, the court does *not* consider itself to be bound by § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner. But although not binding, § 1B1.13 and its commentary nonetheless "inform[] [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 Fed. Appx. 556, 558 (5th Cir. 2020) (per curiam) (stating that the court is "guided in [its] analysis by the commentary" to § 1B1.13). "While not binding, this commentary is informative as to when family circumstances may rise to the level of extraordinary and compelling." *United States v. Minafee*, 2021 WL 1865208, at *3 (N.D. Tex. May 10, 2021) (Boyle, J.). "Indeed, family circumstances may warrant a sentence reduction where a prisoner's release is absolutely necessary to protect the well-being of an incapacitated family member." *Id.*

B

Rambo requests compassionate release so that he can help care for his blind, elderly mother. In support of his motion, Rambo contends that his mother is "beginning to show signs of forgetfulness which could be [A]lzheimer's disease"; that she "needs Rambo there to help her especially since she is 100% blind"; that there is no one else who can care for her; and that she "suffers from high blood pressure, and high cholesterol, as well as, being vision

- 4 -

impaired and needs her son home to take care of her." D. Mot. 1-2.

In light of the court's decision below that, considering the § 3553(a) factors, Rambo should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now analyzes the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's]

sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Rambo is currently serving a 240-month sentence for conspiring to distribute a large amount of illegal substances, including methamphetamine, a drug that is extremely deleterious to users and the community at large. He is not scheduled to be released until November 22, 2035. If the court grants Rambo's motion, it will be ordering him released more than *13 years* before he would otherwise be eligible. Not only would Rambo's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Rambo neither argues nor provides any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Rambo's relevant offense conduct, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when

denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Rambo's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, for the reasons explained, the court denies Rambo's February 2, 2022 motion for compassionate release.

**SO ORDERED**.

May 11, 2022.

                                          SIDNEY A. FITZWATER
                                          SENIOR JUDGE