IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> §<br> Plaintiff, §<br> § Criminal No. 3:18-CR-186-D(3)<br>VS. §<br> §<br>BRANDON JAMAAL RAMBO, §<br> §<br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Brandon Jamaal Rambo ("Rambo") moves for compassionate release, seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the court denies the motion.

I

Rambo was convicted of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On February 22, 2019 the court sentenced him to 240 months' imprisonment followed by 3 years of supervised release. Rambo's appeal of his sentence was dismissed.

Between April 27, 2020 and January 4, 2021 Rambo filed four COVID-19-related motions for compassionate release, all of which were denied. On February 2, 2022 Rambo filed what was essentially his fifth motion for compassionate release, this time seeking release so that he could care for his blind, elderly mother. The court denied the motion.

On September 12, 2024 Rambo filed the instant motion under 28 U.S.C. §

3582(c)(1)(A), again seeking compassionate release so that he can care for his medically disabled mother. On October 1, 2024 the court ordered the government to file a response to Rambo's motion, which it did on October 29, 2024. On November 18, 2024 Rambo filed a reply to the government's response. Rambo's motion is now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.* When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d

---

*Rambo contends that on September 9, 2023 he petitioned the Warden at FCI Beaumont Low for compassionate release and that his request was denied. He also attaches to his motion what appears to be the text of an email requesting release to home confinement. Because doing so does not change the outcome in the decision on Rambo's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Rambo requests compassionate release so that he can care for his mother, who is 59 years old and "medically disabled due to her blindness." D. Mot. 8. He contends that his mother is entirely dependent on assistance for daily activities; that she is unable to walk or perform basic necessities without continuous support; that she has no other living family members to assist her; and that she relies on the assistance of a nurse practitioner but that this assistance is limited to standard working hours, leaving her without essential support during evenings, nights, and weekends.

Because the court concludes below that Rambo's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that he has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C.

- 3 -

§] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)). In this case, Rambo is currently serving a 240-month sentence for conspiring to distribute large amounts of methamphetamine, a drug that is extremely deleterious to users and the community at large. Rambo is not eligible for release from prison until November 22, 2034. If the court grants his motion, it will be ordering him released nearly *10 years* before he would otherwise be eligible. In the court's view, the sentence that the court originally imposed is required to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal

conduct. Consideration of the remaining factors does not persuade the court that a lower sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "'requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Rambo's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

\* \* \*

Accordingly, Rambo's September 12, 2024 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

**SO ORDERED**.

December 2, 2024.

*[signature: Sidney A. Fitzwater]*
SIDNEY A. FITZWATER
SENIOR JUDGE