IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:18-CR-186-D |
| VS. | § |
| | § |
| BRANDON JAMAAL RAMBO, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Brandon Jamaal Rambo ("Rambo") has filed July 29, 2025 and November 18, 2025 motions for reconsideration of the court's December 2, 2024 memorandum opinion and order and a January 21, 2026 letter seeking reconsideration of the court's February 8, 2024 order. The court denies the motions and request for reconsideration.

I

A

On September 12, 2024 Rambo filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that release would enable him to care for his medically disabled mother. In a December 2, 2024 memorandum opinion and order, the court denied the motion. The court assumed *arguendo* that Rambo had shown an extraordinary and compelling reason for release, but it declined to grant his motion after considering the factors set forth in 18 U.S.C. § 3553(a).

On July 29, 2025 Rambo filed the first of the motions for reconsideration now pending

for decision—a motion for reconsideration of the court's December 2, 2024 memorandum opinion and order. In his motion, Rambo contends that he has "completed a variety of educational, vocational, and life skills courses that have provided [him] with the tools to become a productive and law-abiding member of society," that he has "maintained an unblemished disciplinary record," that he is "the sole caretaker and only child of [his] disabled mother," and that he has "minimum risk pattern score and meet[s] eligibility requirements under the First Step Act guidelines." D. Mot. (ECF No. 169) at 1. The court ordered the government to respond, which it did on October 23, 2025.

On November 18, 2025 Rambo filed the second of the motions for reconsideration now pending for decision—a motion for reconsideration of the court's December 2, 2024 memorandum opinion and order. Rambo again seeks compassionate release, this time based on the following asserted "compelling reasons": (1) he is the sole caretaker for his mother, who is vision impaired and requires daily assistance, (2) he has a low-risk classification and has demonstrated rehabilitation at FCI Beaumont Camp, and (3) he has a support network for successful reintegration into the community.

B

The court denies both motions for reconsideration. Rambo has not presented any new, material information that the court did not already consider or account for in denying his September 12, 2024 motion for compassionate release. Accordingly, for the reasons explained in the court's December 2, 2024 memorandum opinion and order and this memorandum opinion and order, the court denies Rambo's motions for reconsideration filed

on July 29, 2025 and November 18, 2025.

II

A

Rambo's latest request for reconsideration, filed January 21, 2026, is in the form of a letter.

Rambo filed on November 27, 2023 a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. On February 8, 2024 the court denied the motion. On March 1, 2024 Rambo filed a request for reconsideration of the court's February 8, 2024 order, and, on March 6, 2024, a motion for reconsideration of that order. The court denied Rambo's March 1, 2024 request and March 6, 2024 motion. Rambo then filed a March 22, 2024 motion for relief under Fed. R. Civ. P. 60(b) and a July 22, 2024 request to correct the worksheet submitted by Probation in relation to his § 3582(c)(2) motion. The court denied the motion and request, noting in its August 7, 2024 order that "[i]n an August 5, 2024 letter to Rambo, the United States Probation Officer has explained in detail why the worksheet is correct and Rambo is not eligible for a sentence reduction under Amendment 821." Order (ECF No. 155) at 1.

Rambo again moves, this time in a letter to the court, for reconsideration of its February 8, 2024 order denying his motion under § 3582(c)(2) and Amendment 821. He contends in his letter that a 2-point reduction "would be a major difference in [his] sentence if granted," that he is "heading into [his] 8th year of being incarcerated" and has "zero infractions," and that he has "completed every course/class that the prison has to offer." D.

Mot. (ECF No. 175) at 1.

B

None of the reasons on which Rambo relies justifies relief under § 3582(c)(2) or Amendment 821. And the court has already explained that Rambo is not eligible for a sentence reduction under Amendment 821.

Accordingly, for the reasons explained in this memorandum opinion and order and in the court's previous orders, the court denies Rambo's July 29, 2025 and November 18, 2025 motions and January 21, 2026 request for reconsideration.

**SO ORDERED**.

January 23, 2026.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE